IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FREDERA LA'BETH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV59 |
| | ) | |
| WALMART and SCOTT A. FORMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Fredera La'Beth Brown, a former employee of Defendant Walmart, initiated this *pro se* action on January 17, 2020, and on May 11, 2020, filed an Amended Complaint[1] alleging that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"). (ECF No. 5 at 4–6.) Before the Court is Walmart's unopposed Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.2.[2] (ECF No. 11.) For the reasons stated below, Walmart's Motion to Dismiss will be granted.

---

[1] On April 20, 2020, the Court entered an Order allowing Plaintiff to file an Amended Complaint to, among other things, clarify her claims and the factual basis for her claims. (ECF No. 4)

[2] It is unclear to the Court why Walmart references Local Rule 7.2 in its Motion to Dismiss. (*See* ECF No. 11 at 1.) It appears to the Court that Walmart may have intended to reference Local Rule 7.3(k) which provides "[t]he failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent failed to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR7.3(k)

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

Further, "[w]hile a *pro se* litigant's pleadings are liberally construed, a *pro se* complaint must still contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (citation and quotations omitted).

## DISCUSSION

In support of its motion to dismiss, Walmart argues that Plaintiff's Amended Complaint "does not contain sufficient allegations to state plausible claims for relief under either" Title VII or the ADA. (ECF No. 14 at 1.) Specifically, Defendants argue that (1) Ms. Brown "alleges no facts that link her gender to her termination," and (2) she "does not state facts that support her claim that she is disabled, or that her termination and alleged disability are related." (*Id.*) The Court concludes that Ms. Brown's Amended Complaint, even when generously construed, cannot survive dismissal. As explained below, she cannot proceed under either Title VII or the ADA.

### A. The Complaint Fails to State a Plausible Title VII Claim

Ms. Brown alleges that Walmart discriminated against her based on her sex/gender, in violation of Title VII, when Walmart terminated her. (ECF No. 5 at 4.)

Title VII provides that it is an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To prove a prima facie case of discrimination under Title VII, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Md.*, 566 U.S. 30 (2012). Although a plaintiff does not have to specifically plead every element of a prima facie case of discrimination in her

3

complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), she must still plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

In Part III, entitled Statement of Claim, of her *pro se* form Amended Complaint, Ms. Brown under subsection A, first checks the box indicating that she was "terminated from her employment"; and under Part D of the form Amended Complaint which states "Defendant(s) discriminated against me based on my (*check all that apply*). In the latter space, Ms. Brown checks the box for "gender/sex" and inserts the word "Female." (*See* ECF No. 5 at 4.) The Court construes this as an allegation by Ms. Brown that Defendants discriminated against her based on her sex/gender when they terminated her. However, Ms. Brown fails to allege any facts to support this contention. Quite to the contrary, Ms. Brown's handwritten description of the facts that she alleges led to her termination involve her missing days at work for foot pain and the company's unwillingness to accept her doctors note for her absences.

The Court concludes that Ms. Brown's blanket statement that she was discriminated against based on her sex/gender is merely a conclusory allegation—which the Court need not accept as true—and is insufficient to provide Defendants with fair notice of the grounds upon which Ms. Brown's sex/gender discrimination claim against them rests. Thus, even when construing all factual allegations in the light most favorable to Ms. Brown and drawing all reasonable inferences in her favor, Ms. Brown has failed to state a plausible claim for sex/gender discrimination under Title VII.

**B.     Plaintiff Has Failed to State a Plausible ADA Claim**

Ms. Brown likewise alleges that Walmart discriminated against her based on her disability or perceived disability, in violation of the ADA, when Walmart terminated her. (*Id.*)

4

To establish a prima facie case for disability discrimination, a plaintiff must show that "(1) she 'was a qualified individual with a disability'; (2) she 'was discharged'; (3) she 'was fulfilling her employer's legitimate expectations at the time of discharge'; and (4) 'the circumstances of her discharge raise a reasonable inference of unlawful discrimination.'" *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 n.9 (4th Cir. 2004)). To survive a motion to dismiss, Ms. Brown must therefore "plead facts that permit the court to reasonably infer each element of the prima facie case." *Schmitz v. Alamance-Burlington Bd. of Educ.*, No. 1:18CV910, 2020 WL 924545, at *4 (M.D.N.C. Feb. 26, 2020) (explaining that complaints "raising ADA causes of action ... [are] not required to make out a prima facie case of discrimination ... or satisfy any heightened pleading requirements at the motion to dismiss stage").

Walmart first argues that Ms. Brown has failed to allege that she is disabled under the ADA. (ECF No. 14 at 5.) The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

In her Amended Complaint, Ms. Brown fails to allege facts showing that she is a "qualified individual with a disability" under the ADA. When describing the facts of her case, Ms. Brown merely alleges that Walmart: (1) "hired [her] knowing [she] was on [d]isability"; (2) "violated [her] disability right"; (3) "discriminated against [her] based on [her] disability"; and (4) knew if a person is disabled that person "will have bad days." (ECF No. 5 at 5.) Ms. Brown has done nothing more than parrot the language of certain elements of a claim under the ADA, all of which are conclusory allegations devoid of factual adornment and which the

5

Court need not accept as true. Her handwritten statement of the facts underlying her claim in the Amended Complaint alleges that she suffers foot pain, for which she has received medical care, that she presented doctor's notes for her absence which Walmart did not accept, and that the stress she experienced after her termination resulted in her "go[ing] into the mental hospital." (*Id.* at 5–6, 10.) Moreover, the notes from Ms. Brown's physician, which are attached to her Amended Complaint,[3] indicate that her foot pain results from her having flat feet. (*See* ECF No. 5-1.) Thus, even when construing all factual allegations in the light most favorable to Ms. Brown and drawing all reasonable inferences in her favor, Ms. Brown has failed to provide sufficient allegations from which the Court can infer that she is disabled as defined by the ADA.

Walmart also argues that Ms. Brown's "Amended Complaint fails to link her termination to [her] alleged disability." (ECF No. 14 at 7.)

In Part III, entitled Statement of Claim, of her *pro se* form Amended Complaint, Ms. Brown under subsection A, first checks the box indicating that she was "terminated from her employment"; and under Part D of the form Amended Complaint which states "Defendant(s) discriminated against me based on my (*check all that apply*). Ms. Brown checks the box for "disability or perceived disability (*specify disability*)" and leaves blank the line where she was to specify her disability. (*See* ECF No. 5 at 4.) The Court construes this as an allegation by Ms.

---

[3] Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). The court can, however, properly consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

Brown that Defendants discriminated against her based on her disability or perceived disability when they terminated her.

Consequently, Ms. Brown has not only failed to allege a specific disability as outlined in the preceding section, but she also failed to allege how her termination was related to any such disability. Rather, she states that she was fired for missing too many days of work and that she had doctor notes for all the days she missed. (*Id.* at 5.) Ms. Brown's assertion that Defendants violated her rights "because all jobs should take [d]octor[s] notes" does not allege how her termination relates to any alleged disability and is insufficient to allege a plausible claim of disability discrimination under the ADA. (*Id.*)

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 11), is **GRANTED** and this action is **DISMISSED**.

This the 1st day of February 2022.

/s/ Loretta C. Biggs
United States District Judge